UNITED STATES BANKRUPTCY COURT                    Not for Publication
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x
In re                                          :
                                               :          Chapter 11
NANCY ESTEVA,                                  :
                                               :          Case No. 01-13341 (AJG)
                                               :
            Debtor.                            :
----------------------------------------------------x
                                               :
NANCY ESTEVA,                                  :
                                               :
            Plaintiff,                         :          Adv. Pro. No. 02-03512
                                               :
      v.                                       :
                                               :
PAUL ESTEVA, MICHELLE FERGUSON,                :
CPM SERVICES, INC., ATC OPERATING              :
CORP., 349 OPERATING CORP. and                 :
FUNDEX CAPITAL CORP.,                          :
                                               :
            Defendants.                        :
                                               :
----------------------------------------------------x
                                               :
PAUL ESTEVA,                                   :
                                               :
            Third-Party Plaintiff,             :          Adv. Pro. No. 04-03067
                                               :
      v.                                       :
                                               :
KEVIN J. NASH and FINKEL GOLDSTEIN             :
BERZOW ROSENBLOOM & NASH, LLP,                 :
                                               :
            Third-Party Defendants.            :
                                               :
----------------------------------------------------x

**MEMORANDUM DECISION AND ORDER DENYING
PAUL ESTEVA'S REQUEST FOR LEAVE
TO SERVE A THIRD PARTY COMPLAINT
AND DISMISSING SUCH COMPLAINT**

A P P E A R A N C E S :

Silverman Perlstein Acampora LLP
Attorney for Debtor
100 Jericho Quadrangle - Suite 300
Jericho, New York  11753

> Edward M. Flint, Esq.
> Of Counsel

Robbins & Associates, P.C.
Lead Counsel for Defendant Paul Esteva
1375 Broadway - Suite 505
New York, New York  10018

> James A. Robbins, Esq.
> Of Counsel

Wayne Greenwald, P.C.
Attorneys for Paul Esteva, ATC Operating
    Corporation, CPM Services, Inc. and
    349 Operating Corp., Defendants
99 Park Avenue - Suite 800
New York, New York  10016

> Wayne M. Greenwald, Esq.
> Of Counsel

Finkel, Golstein, Berzow, Rosenbloom & Nash, LLP
Attorneys *Pro Se*
26 Broadway - Suite 711
New York, New York  10004

> Neal M. Rosenbloom, Esq.
> Kevin J. Nash, Esq.
> Of Counsel

ARTHUR J. GONZALEZ
United States Bankruptcy Judge

Nancy Esteva initiated an adversary proceeding against Paul Esteva, *et. al.* on November 25, 2002. The instant matter arises from Mr. Esteva's Motion for Leave to Serve a Third-Party Complaint Pursuant to Federal Rule of Civil Procedure 14(a).

## I. Procedural History

Nancy and Paul Esteva's marriage was dissolved by decree of the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk on May 4, 2001 (the "May 4th Decision"). Nancy Esteva (herein referred to as the "Debtor") filed a voluntary petition on June 7, 2001 in accordance with chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

Pursuant to the May 4th Decision, the Debtor was to distribute CPM Services Inc., 349 Operating Corp. and ATC Operating Corp. as follows:

> [T]ransfer and/or assign all of her right title and interest in and to these assets, in whatever legal form or manner held by her, including but not limited to stock certificates, leases, or mortgages, together with all books and records and shall, within ninety (90) days from the date hereof, at her sole expense, account to the husband for all receipts and expenditures in connection therewith from September 1, 2000 until the date of transfer. Thereafter, the husband shall have the right to hold, manage, sell, transfer or otherwise dispose of said assets, or any interest, therein, in his sole and absolute discretion, for the benefit of both parties, as follows: The net income derived therefrom (after payment of taxes and reasonable business expenses) shall be paid 75% to the husband and 25% to the wife, at least quarterly commencing July 1, 2001, for a period of ten years from the date hereof, thereafter the parties shall share the net income equally. Upon the sale or other disposition of any interest in any of the foregoing assets, the net proceeds shall be divided 75% to the husband and 25% to the wife if sold or otherwise disposed of during the first ten years from the date hereof, thereafter the parties shall share the net proceeds equally. The husband shall account to the wife on an annual basis within sixty (60) days following December 31 or the fiscal year, whichever applies with regard to income and expenses or the net proceeds of any sale or

3

> transfer . . . .  Upon the sale, transfer, dissolution, or other disposition of
> each of the foregoing assets, the husband shall have no further liability or
> obligation to the wife regarding such asset, with the exception of his
> duty to provide an accounting.

May 4th Decision Index No. FA99017396S, p. 15, ¶ 6.D.2.

As a result of the divorce decree, Mr. Esteva (herein referred to as the "Third-Party Plaintiff") stood in

a fiduciary capacity to Debtor with regard to her remaining interest in the companies.

It is alleged by the Third-Party Plaintiff that on or about January 2001, the Third-Party Plaintiff

retained the services of Kevin Nash, Esq. of Finkel, Goldstein, Berzow, Rosenbloom & Nash LLP

(herein referred to collectively as the "Third-Party Defendants") to represent him; the scope of their

representation is in dispute.  On or about February 2002, the Third-Party Plaintiff executed a

Hypothecation Agreement (the "Hypothecation Agreement") in favor of  Fundex Capital Corp.

("Fundex") granting Fundex liens on 100% of the stock in CPM Services, Inc. and ATC Operating

Corp.  The Third-Party Plaintiff alleges, and the Third-Party Defendants deny, that the Third-Party

Defendants represented him with respect to the drafting and execution of the Hypothecation Agreement.

The Debtor initiated an adversary proceeding against the Third-Party Plaintiff, Michelle

Ferguson, CPM Services, Inc., ATC Operating Corp., 349 Operating Corp. and Fundex Capital

Corp. (collectively herein referred to as the "Defendants") on November 25, 2002 as a result of these

transactions.  The Debtor's complaint requests various property returns, costs and punitive damages for

willful violations of the automatic stay by the Defendants.  With regard to the transactions with Fundex,

on February 4, 2004, this Court ruled "[i]n failing to account for the proceeds of the assets entrusted to

[the Third-Party Plaintiff], and by engaging in self-dealing, [the Third-Party Plaintiff] ignored his fiduciary

duties."

On May 11, 2004, the Third-Party Plaintiff filed a Complaint against the Third-Party Defendants in this Court.  On August 25, 2004, the Third-Party Plaintiff submitted a Re-Notice of Motion for Leave to Serve a Third-Party Complaint Pursuant to Federal Rule of Civil Procedure 14(a) (the "Motion") and a proposed complaint (the "Third-Party Complaint").  The Third-Party Complaint is for alleged legal malpractice committed by the Third-Party Defendants in their representation of the Third-Party Plaintiff.  The Third-Party Plaintiff argues that to whatever extent the Debtor's claims have legal merit, the Third-Party Defendants have caused or contributed to such damages.  The Third-Party Plaintiff further alleges that the Third-Party Defendants are liable to him on a contractual theory in that the Third-Party Defendants breached the retainer agreement in their alleged negligent, improper, and unskillful representation.

The Third-Party Plaintiff further argues that because the facts and issues in the Third-Party Complaint are so intertwined with the Debtor's Adversary Proceeding, this Court should hear the Third-Party adversary proceedings as a non-core proceeding pursuant to 28 U.S.C.A. § 157(c)(1), and that this Court hearing the adversary proceeding will lessen the possibility of inconsistent verdicts regarding the breach of fiduciary duties by the Third-Party Plaintiff issue.  The Third-Party Defendants argue that the Third-Party Complaint is not sufficiently related to the bankruptcy to be heard by this Court, and that a jury trial cannot be held in this Court without their consent.  This memorandum decision and order addresses the Third-Party Plaintiff's Motion for Leave to Serve a Third-Party Complaint Pursuant to Federal Rule of Civil Procedure 14(a).

## II.  Discussion

A bankruptcy court can hear non-core proceedings if they are sufficiently related to the bankruptcy. The Third-Party Complaint is not sufficiently related to the Debtor's bankruptcy proceeding to warrant retaining jurisdiction over such matter. Furthermore, the Third-Party Defendants' request for a jury trial undermines any argument, as will be discussed below, that the chance of inconsistent verdicts would be lessened by this Court retaining jurisdiction over this proceeding.

## A. Non-Core Proceedings

It is undisputed that the Third-Party Complaint is a non-core proceeding under the Bankruptcy Code. Section 157(c)(1) of 28 U.S.C. states "a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."

Although this Court may hear non-core proceedings, they must be related to the bankruptcy. Section 1334(b) of 28 U.S.C. states "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising in or *related to* cases under title 11." (emphasis added). In order for this Court to hear the Third-Party Plaintiff's Third-Party Complaint, there must be some nexus between the civil proceeding and the "related to" bankruptcy case. *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984). The court in *In re Pacor* stated that a civil case is related to a bankruptcy if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 994. There are no factors that suggest that the outcome of the Third-Party Plaintiff's case will have any effect on the estate. In fact, during the September 14, 2004 oral arguments, the Third-Party Defendant acknowledged that the outcome of the Third-Party Complaint would have no effect on the estate. It has been conceded that the success of the Third-Party Plaintiff's claims will not affect the administration of the estate, the estate's value or the Debtor's rights. The claims are by and among non-debtors and do not implicate the Debtor or her estate in any way.

The court in *In re Karta Corp.*, 296 B.R. 305 (S.D.N.Y. 2003), stated "[f]or a federal court to have "related to" jurisdiction over an action, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* at 310.  As stated above, regardless of how the Third-Party Plaintiff's case unfolds, it does not alter any interests or rights of the Debtor.  The situation this Court is confronted with is similar to that in *In re Morshet Israel, Inc.*, 1999 U.S. Dist. LEXIS 4127 (S.D.N.Y. 1999) in which the district court removed a creditor's malpractice action against his counsel from the bankruptcy court because it was a non-core proceeding which did not involve rights created by bankruptcy law and did not affect the assets of the debtor.  *Id.* at *7-8.

The court in *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993) identified several factors to consider in determining whether a bankruptcy court should hear an adversary proceeding: (1) whether the claim or proceeding is core or non-core, (2) whether it is legal or equitable, (3) considerations of efficiency, prevention of forum shopping, (4) uniformity in the administration of bankruptcy law, (5) judicial economy, (6) economical use of debtors' and creditors' resources, expediting the bankruptcy process, and (7) the presence of a jury demand.  *Id.* at 1101.  None of these factors support the Third-Party Plaintiff's motion.  The malpractice action is clearly a non-core proceeding.  The Third-Party Plaintiff is seeking a legal remedy and not an equitable one.  There is no evidence of forum shopping on behalf of the Third-Party Defendants.  The Third-Party Plaintiff's claim does not rise out of bankruptcy law; it is a state law action, and therefore, this Court's participation is not necessary for the uniform administration of bankruptcy law.  The Third-Party Defendants have

requested a jury trial which is a further burden upon the administration of the estate, and most

importantly, hearing the malpractice claim will result in additional delays in the administration of this case.

Furthermore, it is not necessary to make the Debtor a party to the malpractice suit.  By granting the

Third-Party Plaintiff's motion this Court would be forcing the Debtor to participate in an unrelated

matter which could substantially impair the estate's value and, as stated above, would only further delay

the administration of this case.

## B.  Malpractice Action

The Third-Party Plaintiff further asserts that this Court must hear his malpractice claim in order

to prevent the re-litigation of the underlying liability and possible inconsistent verdicts.  The Third-Party

Defendants assert that the malpractice claim will be heard by a jury.  The Court can infer from this

argument that the Third-Party Defendants are asserting that the Third-Party Plaintiff's concern of

possible inconsistent verdicts would not be lessened even if this Court were to retain jurisdiction over

the Third-Party Complaint because the trier of fact regardless of what court presided over the

proceeding would be a jury.

The elements of legal malpractice under New York law are: (1) a duty, (2) a breach of the duty,

and (3) proof that actual damages were proximately caused by the breach of the duty. *O'Shea v.

Brennan*, 2004 U.S. Dist. LEXIS 8919, *8 (S.D.N.Y. 2004).  The Third-Party Plaintiff must satisfy

the burden of proof for each element by a preponderance of the evidence, including that he sustained

actual damages.  The Third-Party Defendants will be able to argue that there was no breach of the

Third-Party Plaintiff's fiduciary duty, leaving the possibility of inconsistent verdicts which is often present in a malpractice action, particularly due to the Third-Party Defendants' request for a jury.[1]

Section 157(e) of 28 U.S.C. allows this Court to conduct a jury trial. Bankruptcy Rule 9015(b) states "the parties may consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) by jointly or separately filing a statement of consent within any applicable time limits specified by local rule." The Third-Party Defendants have not consented to a jury trial in this Court, which is required by both 28 U.S.C. § 157 and Bankruptcy Rule 9015. As a result of the request for a jury, and the Third-Party Defendants' refusal to submit to a jury trial before this Court, this Court cannot preside over such a trial. Further, even if this Court retained jurisdiction over this matter, based upon the representations made by Third-Party Defendants, a withdrawal of the reference motion would follow. If the District Court, at that point, determined this Court should preside over dispositive motions, it is not likely that the Third-Party Complaint would be resolved by way of dispositive motions because a number of genuine issues of material facts appear to be in dispute. Therefore, the dispute would either be settled or proceed to a jury trial.

Although this Court is familiar with the breach of fiduciary duty issue, there are other issues that are new to this Court such as: the scope of the representation of the Third-Party Defendants and whether the Third-Party Defendants' advice was the "but for" cause of the Third-Party Plaintiff's damages. It is disputed whether the Third-Party Defendants had a duty to, or breached that duty to the Third-Party Plaintiff in the transaction. The Third-Party Defendants contend they were not counsel to

---

[1] The Court notes that the Third-Party Defendants, during oral arguments, have stated that the crux of their defense is premised on the fact that the breach of the Third-Party Plaintiff's fiduciary duties were unrelated to the scope of their representation.

the Third-Party Plaintiff for that transaction; therefore, they cannot be liable for any resulting harm.  The

Third-Party Plaintiff has the burden of showing "but for" the advice of the Third-Party Defendants he

would have not breached his fiduciary duty.

These are new issues to this Court and would be argued for the first time in whatever court the

malpractice claim is heard.  Even if the Third-Party Defendants consented to this Court presiding over

the jury trial, any argument that this would lessen the possibility of inconsistent verdicts is not supported

by the practical realities of the position taken by the Third-Party Defendants; as stated above, the

determination of liability would be made by a jury and not this Court.  Further, even if inconsistent

verdicts could be avoided or lessened by having this Court hear the Third-Party Complaint, such does

not warrant this Court granting the Third-Party Plaintiff's motion because it would have no impact on the

estate other than the burden it places upon the administration of the case.

## C.  Third-Party Request for Sanctions and Costs

The Third-Party Defendants move to have the Third-Party Plaintiff sanctioned for bringing a

jurisdictionally flawed action.  Section 1927 of 28 U.S.C. states "[a]ny attorney . . . who so multiplies

the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct."  The Court rejects this argument because the Third-Party Plaintiff is seeking to protect a valid

interest.  Although the Third-Party Plaintiff's motion is denied, the Court sees no evidence to suggest

that he was unreasonable or vexatious in bringing such an action.

Bankruptcy Rule 9011 also allows this Court to impose sanctions when appropriate.

Bankruptcy Rule 9011(c) provides if any representations to the court violate Bankruptcy Rule 9011(b),

the court may impose sanctions.  It is not appropriate to levy sanctions on the Third-Party Plaintiff for

this motion.  There is no evidence that the Third-Party Plaintiff's motion is improper in purpose,

frivolous or unwarranted, factually unsubstantiated, or not based on information or belief as required by

Bankruptcy Rule 9011.  Although this Court has found that the Third-Party Complaint is not sufficiently

related to the bankruptcy case to establish "related to" jurisdiction, there is, however, a relationship that

is sufficient enough; such that the arguments presented by the Third-Party Plaintiff are not frivolous or

would otherwise warrant sanctions.

### III.  Conclusion

Based on the foregoing, the Court concludes (a) the malpractice action is a non-core

proceeding which does not relate to the bankruptcy case, and (b) the Third-Party Plaintiff was not

unreasonable or vexatious in his actions and should not be sanctioned.

Therefore, for the reasons set forth herein it is hereby

ORDERED, that the Third-Party Plaintiff's Motion for Leave to Serve the Third-Party

Complaint Pursuant to Federal Rule of Civil Procedure 14(a) is DENIED; it is further

ORDERED, that the portion of the Third-Party Defendants' motion which seeks to Dismiss

Adversary Proceeding No. 04-03067 for Lack of Subject Matter Jurisdiction is GRANTED; and it is

further

ORDERED, that the portion of the Third-Party Defendants' motion which seeks the imposition

of costs and sanctions, under 28 U.S.C. § 1927 and Bankruptcy Rule 9011, upon the Third-Party

Plaintiff is DENIED.


Dated:  November 24, 2004                    _s/ Arthur J. Gonzalez_____
       New York, New York                    UNITED STATES BANKRUPTCY JUDGE